IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORRAINE HALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE FARM FIRE AND CASUALTY )<br>COMPANY and MATT McCOY )<br>INSURANCE AGENCY, INC., )<br>)<br>Defendants. ) | Case No. CIV-25-00012-JD |

## ORDER

Before the Court is Plaintiff Lorraine Hall's ("Plaintiff") Motion to Remand ("Motion"). [Doc. No. 15]. Defendant State Farm Fire and Casualty Company ("State Farm") filed a Response. [Doc. No. 18]. Plaintiff filed a Reply. [Doc. No. 19]. State Farm, with leave of Court, filed a Sur-Reply. [Doc. Nos. 24, 26]. The parties have filed various notices of supplemental authority. [Doc. Nos. 21–23, 27–30]. For the reasons outlined below, the Court denies Plaintiff's Motion.

**I.   BACKGROUND**

Plaintiff owned property in Tulsa County covered by a Policy with State Farm to provide replacement cost coverage for the roof for the Insured Property. [Doc. No. 1-2 ¶ 5]. Defendant Matt McCoy Insurance Agency, Inc. ("McCoy") sold Plaintiff the Policy. [*Id.* ¶ 25(c)].

Around June 18, 2023, a storm caused wind and hail damage to the Insured Property. [*Id.* ¶ 40(a)]. Plaintiff submitted a claim to State Farm around July 24, 2023.

1

[*Id.* ¶ 40(b)]. A State Farm adjuster inspected the property and recommended repairs for individual shingles and damage to a wood fence. [*Id.* ¶¶ 40(c), 40(d)]. Plaintiff alleges the adjuster "manipulated the estimate to ignore damage so the Claim fell below the Policy deductible." [*Id.* ¶ 40(d)]. Plaintiff subsequently contacted a roofing contractor who inspected the Insured Property and informed both Plaintiff and State Farm that the adjuster inadequately inspected the property and requested a reinspection. [*Id.* ¶ 40(e)]. State Farm denied the request for reinspection. [*Id.* ¶ 40(f)].

In April 2024, another wind and hailstorm damaged the Insured Property. [*Id.* ¶ 40(g)]. On April 18, 2024, Plaintiff submitted a claim to State Farm. [*Id.*]. Plaintiff alleges that State Farm "manipulated the date of loss to reflect October 4, 2023, instead of the reported April 2024 storm." [*Id.* ¶ 40(h)]. Around May 9, 2024, an adjuster inspected the Insured Property for State Farm. [*Id.* ¶ 40(i)]. The adjuster's damage estimate included repair of damages to the roof's soft metals (roof vent and rain cap) and disclaimed any hail damage to the roof. [*Id.* ¶ 40(j)]. Plaintiff again claims that the adjuster "manipulated the second estimate to fall under the Policy deductible." [*Id.* ¶ 40(l)]. On May 9, 2024, State Farm denied the claim and attributed roof damage to "wear, tear or deterioration, as well as workmanship or a defect in the materials used for the construction of the home, which are all excluded under the Policy." [*Id.* (internal quotation marks omitted)]. Plaintiff submitted multiple requests for reinspection to State Farm, which it denied. [*Id.* ¶¶ 40(q), 40(r)].

Plaintiff initiated this case in the District Court of Oklahoma County against State Farm and McCoy. [*See id.* at 2].[1]

Plaintiff asserts causes of action of negligent procurement and constructive fraud/negligent misrepresentation against McCoy. [*Id.* ¶¶ 60–79]. Plaintiff alleges that an agent at McCoy's office represented that her Policy fully covered any damage sustained from a storm and that it was a replacement cost value policy. [*Id.* ¶¶ 25(c), 25(d)]. Specifically, Plaintiff states as follows:

> By virtue of the act of procuring the Policy and binding coverage (without limitation), Agent independently selected and calculated coverage and expressly and/or inherently conveyed that such coverage limit was accurate, correct, commensurate with actual reconstruction costs, and represented 100% of the Insured Property's insurance to value.

[*Id.* ¶ 25(g)]. Plaintiff also claims the agent made the following omissions: failing to inspect the property, failing to verify the Insured Property's condition, failing to disclose the property was ineligible for replacement cost coverage, failing to advise Plaintiff the property had any defect or pre-existing damage or condition that would exclude the property or the roof from replacement cost coverage, failing to advise Plaintiff of certain definitions relating to Plaintiff's coverage, failing to ask Plaintiff to calculate a specific amount of coverage, and failing to disclose to Plaintiff that her coverage did not represent 100% insurance to value. [*Id.* ¶¶ 26(a)–(h)]. In addition to the specific allegations against McCoy, Plaintiff claims McCoy's actions are part of a scheme by State Farm to deny coverage to its customers. [*See id.* ¶¶ 13–39].

---

[1] The Court uses the page numbers from the top of the CM/ECF documents on this Court's docket.

State Farm removed the case to this Court, claiming Plaintiff fraudulently joined McCoy to destroy diversity jurisdiction. [Doc. No. 1]. Plaintiff moves the Court to remand the case to the District Court of Oklahoma County. [Doc. No. 15].

## II.     STANDARD OF REVIEW

### A.     Diversity Jurisdiction

A case generally may be removed to federal court if it is one over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction includes disputes between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). Federal jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity" among the parties, meaning the citizenship of all defendants must be different from the citizenship of all plaintiffs. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

A party invoking diversity jurisdiction—here, State Farm—has the "burden of proving [diversity jurisdiction] by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Because federal courts are limited tribunals, "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed." *Pritchett v. Off. Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

### B.     Fraudulent Joinder

The Supreme Court has long recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real

4

connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *see also Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185–86 (1907). The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013); *see also Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 796 (10th Cir. 2013) (unpublished) (explaining that a case was properly removed where "the complaint fails to state a colorable cause of action" against the nondiverse defendant).

To establish fraudulent joinder, the removing party has the "heavy burden" to prove either: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher*, 733 F.3d at 988. Here, most of State Farm's allegations focus on the latter consideration, so the Court will focus on the inability of Plaintiff to establish a cause of action against McCoy in state court. [*See* Doc. No. 18].[2]

---

[2] State Farm also argues there is actual fraud in the pleading and points to numerous identical or nearly identical state-court petitions in support. [*See* Doc. No. 1 ¶ 34; Doc. No. 1-14; Doc. No. 18 at 26–31]. While this Court does not reach that issue, as it is unnecessary to do so, the Court notes that other judges in this district have expressed concern with this issue. *See Marino v. State Farm Fire & Cas. Co.*, No. CIV-22-0885-HE, 2023 WL 11915691, at *1 (W.D. Okla. Aug. 7, 2023) ("[T]he use of substantially identical, cookie-cutter allegations as to the claimed role of local State Farm agents, included in petitions filed in dozens of cases by the same group of lawyers, at the very least raises substantial questions as to whether a good faith basis exists for claims asserted here against the non-diverse agent."); *Goebel v. State Farm Fire & Cas. Co.*, No. CIV-22-0882-HE, 2023 WL 11883977, at *3 (W.D. Okla. Aug. 7, 2023) (concluding that false allegations "when viewed against the backdrop of the same formulaic, cookie-cutter allegations used in this and dozens of other similar cases" constituted "fraud in the pleadings of jurisdictional facts").

If there is "a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant," then the case must be remanded. *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.* In contrast, the non-liability of the defendant alleged to be fraudulently joined must be established with "complete certainty." *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967); *see Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (same).

Importantly, "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot*, 378 F.2d at 882 (citations omitted). In this context, courts are not "compelled to believe whatever the plaintiff says in his complaint." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished). Courts are free to disregard conclusory allegations. *Id.* at 883 (explaining that where the plaintiff "makes conclusory allegations," the claim "was without merit and did not prevent removal"). "'[F]ederal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal.'" *Id.* at 881 (quoting *Smoot*, 378 F.2d at 881–82).

The Tenth Circuit is clear that the analysis is not a mini-trial or pre-trial where the Court weighs the evidence and makes a merits-based determination. As it has stated, "'[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.'" *Id.* (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir.

6

1992)). Finally, the Court resolves "all disputed questions of fact and all ambiguities in the controlling [state] law in favor of the non-removing party." *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)).

### III.   ANALYSIS

Plaintiff asserts two causes of action against McCoy—negligent procurement and constructive fraud/negligent misrepresentation. [Doc. No. 1-2 ¶¶ 60–79]. The Court will consider Plaintiff's allegations regarding each cause of action to determine whether Plaintiff is able to assert a cause of action against McCoy in state court. In this diversity action, the Court must determine if Plaintiff's claims have a reasonable basis in state court, thus applying Oklahoma law.

####   A.   State Farm has demonstrated that Plaintiff does not have a reasonable basis for a negligent procurement claim against McCoy.

The Court first considers whether State Farm has demonstrated that Plaintiff lacks a "reasonable basis" for her negligent procurement claim against McCoy. *Nerad*, 203 F. App'x at 913. An insured can assert a tort claim for negligent procurement against her agent. "An agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Cos.*, 1999 OK CIV APP 48, ¶ 13, 979 P.2d 266, 269; *accord Oliver v. State Farm Fire & Cas. Co.*, 765 F. Supp. 3d 1244, 1249 (W.D. Okla. 2025). Plaintiff argues that McCoy failed to provide the coverage she requested by procuring "illusory

7

coverage" that deviated substantially and materially from that which Plaintiff requested. [Doc. No. 1-2 ¶¶ 63(a)(i)–(ii)]. Specifically, Plaintiff claims her Policy did not accurately reflect the replacement cost of the Insured Property and did not provide coverage to fully restore the Insured Property back to its pre-loss condition. [*Id.* ¶¶ 63(a)(iii)–(iv)].

The Court first considers whether McCoy procured the Policy requested by Plaintiff. Plaintiff states she requested "full coverage." [Doc. No. 1-2 ¶ 25(d)]. She also states that McCoy's agent informed her she was receiving a replacement cost value policy. [*Id.*]. By Plaintiff's own admission, McCoy procured Plaintiff a replacement cost policy. [*See id.* ¶ 5 ("Plaintiff entered into a contract of insurance with State Farm to provide replacement cost coverage for the Insured Property."); *see also* Doc. No. 1-11 ¶ 5 (State Farm admitting it issued to Plaintiff the policy providing the "coverage as stated")]. Accordingly, any arguments that Plaintiff did not receive a replacement cost policy are unavailing. [*See* Doc. No. 15 at 19–20].

Plaintiff also claims "McCoy knew or should have known Plaintiff did not qualify for replacement *coverage* for the Insured Property." [Doc. No. 15 at 19 (emphasis added)]. As a result, the Court must determine if McCoy breached an insurance agent's "duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance" by failing to provide the coverage requested by Plaintiff. *See Swickey*, 1999 OK CIV APP 48, ¶ 13, 979 P.2d at 269. Plaintiff identifies multiple ways in which she alleges McCoy breached its duty, including by failing to do the following:

follow and abide by State Farm's underwriting policies/guidelines;

perform all necessary inspections of the Insured Property;

8

> confirm the accuracy of the pre-filled information provided by State Farm's replacement cost estimating tool;
>
> disclose pre-existing damage to the Insured Property;
>
> verify whether its inherent representation to State Farm and Plaintiff that the Insured Property (including the roof) was in good condition was accurate;
>
> procure and renew a policy that provided the requested coverage for all fortuitous losses; and
>
> disclose all material facts of the Scheme as outlined within Plaintiff's Petition.

[Doc. No. 1-2 ¶ 63(b)].

The Court concludes the above, alleged breaches by McCoy do not provide an adequate basis for a negligent procurement claim for two reasons.

First, Plaintiff does not provide a legal basis that McCoy, as an insurance agent, had a duty to Plaintiff to perform the above acts. *See Marino v. State Farm Fire & Cas. Co.*, No. CIV-22-0885-HE, 2023 WL 11915691, at *3 (W.D. Okla. Aug. 7, 2023) (analyzing negligent procurement and misrepresentation claims against an insurance agent and explaining the plaintiffs had cited no basis in Oklahoma case law for their claims that the agent "had a duty to inspect plaintiffs' property and to advise them of the condition of their house" or "had a continuing duty to inspect the property and advise plaintiffs of anything that might impact some future claim"). In fact, the express terms of Plaintiff's Policy contradict that State Farm or its agents have a duty to inspect the Insured Property before issuance of the Policy. [*See* Doc. No. 1-13 at 36 (stating State

9

Farm has "the right but [is] not obligated" to perform inspections of the insured location relating to insurability or premiums to be charged)].

Second, assuming McCoy had the duties enumerated above, causation between the above failures and Plaintiff's damages is not present. As detailed by Plaintiff herself, State Farm did not replace Plaintiff's roof in response to her first claim because the adjuster did not determine full replacement was warranted. [*See* Doc. No. 1-2 ¶ 40(d)]. State Farm similarly denied her second claim because the adjuster did not determine full roof replacement was warranted and cited to "wear, tear or deterioration, as well as workmanship or a defect in the materials used for the construction of the home" as sources of damage to Plaintiff's roof. [*Id.* ¶¶ 40(j)–(l)]. Accordingly, Plaintiff's damages flow from the adjuster's assessment of her property damage and State Farm's related denials, not from the type of coverage provided by the Policy. *See Weichbrodt v. State Farm Fire & Casualty Co.*, No. CIV-25-360-R, 2025 WL 1848819, at *2 (W.D. Okla. July 2, 2025) (analyzing identical allegations against an agent and stating "[p]laintiff's damages flow from State Farm's allegedly improper interpretation of her policy and adjustment of her claim, not the agent's failure to procure the correct type of policy, type of coverage, or coverage limit").

    **B.**    **State Farm has demonstrated that Plaintiff does not have a reasonable basis for a negligent misrepresentation/constructive fraud claim against McCoy.**

The Court next considers whether State Farm has demonstrated that Plaintiff lacks a "reasonable basis" for her constructive fraud/negligent misrepresentation claim against McCoy. *Nerad*, 203 F. App'x at 913. "Under Oklahoma law, constructive fraud [or

negligent misrepresentation] consists of 'any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to [his] prejudice, or to the prejudice of any one claiming under him[.]'" *McDow v. State Farm Fire & Cas. Co.*, No. CIV-22-927-F, 2022 WL 17960457, at *2 (W.D. Okla. Dec. 27, 2022) (last bracket in original) (quoting 15 Okla. Stat. § 59). Accordingly, Plaintiff must plead facts which demonstrate (1) McCoy breached a duty to Plaintiff, (2) McCoy benefited from that breach, and (3) Plaintiff suffered prejudice as a result of the breach.

Plaintiff's negligent misrepresentation claim relies upon allegations that Plaintiff made inherent representations rather than affirmative statements. [*See* Doc. No. 1-2 ¶ 25(g)]. Plaintiff states McCoy misrepresented that the Insured Property met underwriting requirements, property inspections had occurred, and replacement cost values were accurate; misrepresented that the Insured Property was eligible for comprehensive full replacement coverage; failed to disclose pre-existing damage; misrepresented that the Policy covered all fortuitous losses; and failed to disclose State Farm's tactics regarding bad faith handling of claims. [*Id.* ¶ 73]. Although Plaintiff states McCoy "misrepresented" the above things, this is a conclusory allegation, as Plaintiff's complaint does not contain specific statements McCoy made and instead seems to allege the "misrepresentations" were inherent in McCoy's issuance of a policy to Plaintiff. [*See id.* ¶ 25]. Arguments made in Plaintiff's Motion support this interpretation of Plaintiff's complaint. [*See* Doc. No. 15 at 28 ("By binding, procuring, and renewing a replacement

11

cost policy, McCoy inherently represented that there were no pre-existing issues precluding Plaintiff's replacement cost coverage.")].

Plaintiff claims McCoy had a duty of full disclosure that arose due to McCoy's partial disclosures. [*Id.* at 26]. Plaintiff argues that "[o]nce McCoy *chose* to represent to Plaintiff that the condition of the insured property was sufficient for coverage under a State Farm policy, McCoy's duty to Plaintiff to do so honestly arose." [*Id.* (emphasis in original)]. Under Oklahoma law, "[a] duty to speak may arise from partial disclosure." *Uptegraft v. Dome Petrol. Corp.*, 1988 OK 129, ¶ 10, 764 P.2d 1350, 1353. However, the partial disclosures Plaintiff claims McCoy made are all inherent or implied. Plaintiff does not identify any affirmative statements made by McCoy and instead claims McCoy inherently warranted the condition of the property by selling Plaintiff a policy. [*See* Doc. No. 15 at 19]. The Court declines to conclude that a reasonable basis for a constructive fraud/negligent misrepresentation claim is an inherent or implied representation attendant to the issuance of an insurance policy. If that were the case, almost no circumstances would exist in which an agent could not be joined as a party to a lawsuit relating to coverage. Accordingly, the Court concludes Plaintiff has not pled facts demonstrating McCoy made a partial disclosure that gave rise to a duty of full disclosure to Plaintiff.

Additionally, for the same reasons enumerated above regarding Plaintiff's negligent procurement claim, the Court concludes the alleged misrepresentations or omissions lack a causal connection with Plaintiff's damages. Plaintiff's damages stem from State Farm's denial of her claims, not from Plaintiff's lack of coverage related to the above alleged misrepresentations. *See Porter v. State Farm Fire & Cas. Co.*, No. CIV-

25-187-R, 2025 WL 1151682, at *4 (W.D. Okla. Apr. 18, 2025), *reconsideration denied*, CIV-25-187-R, 2025 WL 1830716 (W.D. Okla. July 2, 2025) ("[T]here is no indication that the coverage values are wrong or that the property had some pre-existing condition that negated or limited coverage for the roof. The policy provides coverage for hail damage, but the parties disagree about whether hail damage on the roof was present. Thus, any 'implied' representations by the agent about the property's condition or its eligibility for a replacement cost value policy were either true or not the cause of [the] [p]laintiffs' losses.").

Regarding Plaintiff's allegation that McCoy did not inform Plaintiff of pre-existing damage that prevented coverage, Plaintiff has not pled facts demonstrating pre-existing damage prevented full coverage under the Policy. Plaintiff's Policy provided coverage for losses related to wind or hail, but the adjuster and State Farm determined hail damage did not merit full roof replacement related to the second claim. [*See* Doc. No. 1-2 ¶¶ 40(j), 40(l)]. Furthermore, in light of the fact Plaintiff received a Policy providing coverage for any accidental direct physical loss, including wind and hail damage to the roof [Doc. No. 1-13 at 16], the Court does not view the above representations as necessarily false, nor has Plaintiff pled factual allegations demonstrating their falsity.

Plaintiff asserts that courts, faced with similar factual allegations, have concluded a reasonable basis for a negligent misrepresentation claim exists. [*See* Doc. No. 15 at 27]. The Court recognizes a notable difference between cases cited by Plaintiff and this case. In those cases, the plaintiffs alleged that the insurance agent made an affirmative

13

misrepresentation regarding their insurance coverage. *See, e.g.*, *Harris v. State Farm Fire & Cas. Co.*, No. CIV-24-149-D, 2024 WL 1957315, at *2 (W.D. Okla. May 3, 2024) ("Plaintiffs allege that their roof was inspected; that [the agent] represented to [p]laintiffs that the roof had been inspected; and that [the agent] represented that the roof was free from any preexisting damage."); *Ervin v. Herb Weaver Ins. Agency, Inc.*, No. CIV-22-935-SLP, 2022 WL 22839581, at *2 (W.D. Okla. Dec. 28, 2022) ("Those misrepresentations included telling [p]laintiffs that their roof met all underwriting requirements and that there was nothing about the condition of the roof that would exclude coverage or render the roof ineligible for the replacement cost coverage in the event of any weather-related event."); *Kyger v. State Farm Fire & Cas. Co.*, 649 F. Supp. 3d 1200, 1204 (W.D. Okla. 2022) ("[The agent] specifically advised and represented to [p]laintiff that her roof was in good condition, qualified, and was eligible for full replacement cost coverage as it met all of State Farm's guidelines and underwriting requirements.") (internal quotation marks omitted). Here, Plaintiff does not allege an affirmative misrepresentation by McCoy, triggering a duty of full disclosure.

For the reasons outlined above, the Court concludes State Farm has demonstrated that Plaintiff lacks a reasonable basis for her constructive fraud/negligent misrepresentation claim against McCoy.

## IV.     CONCLUSION

For the reasons outlined above, the Court DENIES Plaintiff's Motion to Remand. Because the Court finds State Farm has an adequate basis for asserting fraudulent joinder, the Court denies Plaintiff's request for attorneys' fees and costs. The Court dismisses

14

Plaintiff's claims against McCoy without prejudice but without leave to amend in this action.[3]

IT IS SO ORDERED this 13th day of October 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[3] *See Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 796 (10th Cir. 2013) (unpublished) (explaining that "[o]nce it determined that [the nondiverse defendant] had been fraudulently joined," the district court "was required to dismiss him from the case without prejudice").